IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>HIRAM EVANS,<br><br>Defendant. | CR 11-83-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Hiram Evans (Evans) has been accused of violating the conditions of his supervised release. Evans admitted all of the alleged violations. Evans's supervised release should be revoked. Evans should be placed in custody until May 18, 2020, with 35 months of supervised release to follow. Evans should be released to the United States Probation Office on May 18, 2020. Evans should serve the first 60 days of supervised release at Connections Corrections in Warm Springs, Montana.

## II. Status

Evans pleaded guilty to Assault Resulting in Serious Bodily Injury on October 24, 2011. The Court sentenced Evans to 27 months of custody, followed

by 3 years of supervised release. (Doc. 70). Evans's current term of supervised release began on November 21, 2019. (Doc. 88 at 2).

**Petition**

The United States Probation Office filed an Amended Petition on May 7, 2020, requesting that the Court revoke Evans's supervised release. (Doc. 88). The Amended Petition alleges that Evans violated the conditions of his supervised release: 1) by consuming alcohol on three separate occasions; 2) by submitting a diluted urine sample; 3) by failing to report for sex offender treatment on two separate occasions; 4) by using methamphetamine on two separate occasions; and 5) by failing to report for substance abuse treatment on two separate occasions. (Doc. 88 at 2-4).

**Initial appearance**

Evans appeared before the undersigned for his initial appearance on the Amended Petition on May 14, 2020. Evans was represented by counsel. Evans stated that he had read the petition and that he understood the allegations. Evans waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a joint revocation hearing in this case and in Cause

CR 12-93-GF-BMM on May 14, 2020.  Evans admitted that he had violated the conditions of his supervised release: 1) by consuming alcohol on three separate occasions; 2) by submitting a diluted urine sample; 3) by failing to report for sex offender treatment on two separate occasions; 4) by using methamphetamine on two separate occasions; and 5) by failing to report for substance abuse treatment on two separate occasions.  The violations are serious and warrant revocation of Evans's supervised release.

Evans's violations are Grade C violations.  Evans's criminal history category is I.  Evans's underlying offense is a Class C felony.  Evans could be incarcerated for up to 60 months.  Evans could be ordered to remain on supervised release for up to 36 months, less any custody time imposed.  The United States Sentencing Guidelines call for a term of custody of 18 to 24 months.

### III.  Analysis

Evans's supervised release should be revoked.  Evans should be placed in custody until May 18, 2020, with 35 months of supervised release to follow.  Evans should be released to the United States Probation Office on May 18, 2020.  Evans should serve the first 60 days of supervised release at Connections Corrections in Warm Springs, Montana.  This sentence is sufficient but not greater than necessary.

## IV. Conclusion

The Court informed Evans that the above sentence would be recommended to United States District Judge Brian Morris. The Court also informed Evans of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Evans that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Evans stated that he wished to waive his right to object to these Findings and Recommendations, and that he wished to waive his right to allocute before Judge Morris.

The Court **FINDS:**

> That Hiram Evans violated the conditions of his supervised release: by consuming alcohol on three separate occasions; by submitting a diluted urine sample; by failing to report for sex offender treatment on two separate occasions; by using methamphetamine on two separate occasions; and by failing to report for substance abuse treatment on two separate occasions.

The Court **RECOMMENDS:**

> That the District Court should revoke Evans's supervised release and commit Evans to the custody of the United States Bureau of Prisons until May 18, 2020, with 35 months of supervised release to follow. Evans should be released to the United States Probation Office on May 18, 2020. Evans should serve the first 60 days of supervised release at Connections Corrections in Warm Springs, Montana. The sentence imposed in this case should run concurrent with the sentence imposed in Cause CR 12-93-GF-BMM.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

DATED this 15th day of May, 2020.

John Johnston
United States Magistrate Judge