# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 11-83-GF-BMM-JTJ |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS** |
| vs. | |
| HIRAM EVANS, | |
| Defendant. | |

## I. Synopsis

Defendant Hiram Evans (Evans) has been accused of violating the conditions of his supervised release. Evans admitted all of the alleged violations. Evans's supervised release should be revoked. Evans should be placed in custody for 4 months, with 30 months of supervised release to follow.

## II. Status

Evans pleaded guilty to Assault Resulting in Serious Bodily Injury on October 24, 2011. The Court sentenced Evans to 27 months of custody, followed by 3 years of supervised release. (Doc. 70). Evans's current term of supervised release began on May 18, 2020. (Doc. 97 at 2).

**Petition**

The United States Probation Office filed a Petition on September 23, 2020, requesting that the Court revoke Evans's supervised release. (Doc. 97). The Petition alleged that Evans violated the conditions of his supervised release: 1) by failing to report for polygraph testing; 2) by failing to report to his probation officer as directed; and 3) by failing to report for sex offender treatment. (Doc. 97 at 2-3).

**Initial appearance**

Evans appeared before the undersigned for his initial appearance on November 17, 2020. Evans was represented by counsel. Evans stated that he had read the petition and that he understood the allegations. Evans waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a joint revocation hearing in this case and in Cause CR 12-93-GF-BMM on November 17, 2020. Evans admitted that he had violated the conditions of his supervised release: 1) by failing to report for polygraph testing; 2) by failing to report to his probation officer as directed; and 3) by failing to report for sex offender treatment. The violations are serious and warrant

revocation of Evans's supervised release.

Evans's violations are Grade C violations. Evans's criminal history category is I. Evans's underlying offense is a Class C felony. Evans could be incarcerated for up to 60 months. Evans could be ordered to remain on supervised release for up to 36 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 5 to 11 months.

### III. Analysis

Evans's supervised release should be revoked. Evans should be placed in custody for 4 months, with 30 months of supervised release to follow. This sentence is sufficient but not greater than necessary.

### IV. Conclusion

The Court informed Evans that the above sentence would be recommended to United States District Judge Brian Morris. The Court also informed Evans of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Evans that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

>That Hiram Evans violated the conditions of his supervised release: by failing to report for polygraph testing; by failing to report to his probation officer as directed; and by failing to report for sex offender treatment.

The Court **RECOMMENDS:**

>That the District Court should revoke Evans's supervised release and commit Evans to the custody of the United States Bureau of Prisons for 4 months, with 30 months of supervised release to follow. The sentence imposed in this case should run concurrent with the sentence imposed in Cause CR 12-93-GF-BMM.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

DATED this 18th day of November, 2020.

John Johnston
United States Magistrate Judge

4