IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 11-83-GF-BMM-JTJ |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS** |
| vs. | |
| HIRAM EVANS, | |
| Defendant. | |

## I. Synopsis

Defendant Hiram Evans (Evans) has been accused of violating the conditions of his supervised release. Evans admitted alleged violation 1. The Court dismissed alleged violation 2 on the government's motion. Evans's supervised release should be revoked. Evans should be placed in custody for 14 months, with no supervised release to follow. Evans should serve his term of custody at FCI Englewood in Englewood, Colorado.

## II. Status

Evans pleaded guilty to Assault Resulting in Serious Bodily Injury on October 24, 2011. The Court sentenced Evans to 27 months of custody, followed by 3 years of supervised release. (Doc. 70). Evans's current term of supervised

release began on September 2, 2022. (Doc. 123 at 3).

**Petition**

The United States Probation Office filed a Petition on March 27, 2023, requesting that the Court revoke Evans's supervised release. (Doc. 123). The Petition alleged that Evans violated the conditions of his supervised release: 1) by using methamphetamine and oxycontin; and 2) by failing to notify his probation officer of a change in residence. (Doc. 123 at 3).

**Initial appearance**

Evans appeared before the undersigned for his initial appearance on April 11, 2023. Evans was represented by counsel. Evans stated that he had read the petition and that he understood the allegations. Evans waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a joint revocation hearing in this case and in Causes CR 12-93-GF-BMM and CR 21-67-GF-BMM on April 11, 2023. Evans admitted that he had violated the conditions of his supervised release by using methamphetamine and oxycontin. The Court dismissed alleged violation 2 on the government's motion. The violation that Evans admitted is serious and warrants

2

revocation of Evans's supervised release. Evans should serve his term of custody at FCI Englewood in Englewood, Colorado.

Evans's violation is a Grade C violation. Evans's criminal history category is IV. Evans's underlying offense is a Class C felony. Evans could be incarcerated for up to 24 months. Evans could be ordered to remain on supervised release for up to 20 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III. Analysis

Evans's supervised release should be revoked. Evans should be placed in custody for 14 months, with no supervised release to follow. This sentence is sufficient but not greater than necessary. Evans should serve his term of custody at FCI Englewood in Englewood, Colorado.

### IV. Conclusion

The Court informed Evans that the above sentence would be recommended to Chief United States District Judge Brian Morris. The Court also informed Evans of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Evans that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Evans stated

that he wished to waive his right to object to these Findings and Recommendations, and that he wished to waive his right to allocute before Judge Morris.

The Court **FINDS:**

>That Hiram Evans violated the conditions of his supervised release by using methamphetamine and oxycontin.

The Court **RECOMMENDS:**

>That the District Court should revoke Evans's supervised release and commit Evans to the custody of the United States Bureau of Prisons for 14 months, with no supervised release to follow. The sentence imposed in this case should run concurrent with the sentences imposed in Causes CR 12-93-GF-BMM and CR 21-67-GF-BMM.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may

waive the right to appear and allocute before a district judge.

DATED this 12th day of April, 2023.

John Johnston
United States Magistrate Judge